# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                                                                              No. **CR 06-1622 MCA**

**STEVEN ELLERY SPRINGER**,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on the Government's *Notice of Intent to Offer Evidence Pursuant to Federal Rules of Evidence 413 and 414* [Doc. 35] filed on January 9, 2007, and Defendant Steven Ellery Springer's *Motion in Limine* [Doc. 49] filed on February 8, 2007. The Court heard arguments and proffers from counsel at the call of the calendar on February 8, 2007. Having reviewed the parties' submissions, the arguments and proffers of counsel, the relevant law, and being fully advised in the premises, the Court will conditionally admit a limited amount of evidence concerning Defendant's three prior crimes of child molestation dating from June 1997 as part of the Government's case-in-chief at trial. If this evidence is admitted under Fed. R. Crim. P. 414, then testimony concerning certain portions of Defendant's conversation with Officer Cunningham in which Defendant admitted more general facts about his status as a convicted sex offender will be excluded from the Government's case-in-chief under Fed. R. Crim. P. 403.

Defendant Steven Ellery Springer is charged in an *Indictment* [Doc. 16] with one count of abusive sexual contact of an Indian victim in Indian country on or about September 18, 2005. On January 9, 2007, the Government filed a *Notice of Intent to Offer Evidence Pursuant to Federal Rules of Evidence 413 and 414* [Doc. 35] advising the Court that Defendant was previously convicted of three counts of Indecent Liberties With Child in violation of North Carolina Statute 14-202.1. Defendant filed a response [Doc. 45] on February 6, 2007, and then filed a *Motion in Limine* [Doc. 49] on February 8, 2007, seeking to exclude testimony concerning a portion of Defendant's conversation with a police officer in which he admitted being a convicted pedophile and an unregistered sex offender.

According to the Government's proffer, and as described in Government's Exhibit 4, Defendant's prior convictions for child molestation arose from a series of incidents in June 1997, when Defendant was staying at the residence of a relative in Asheville, North Carolina. For about one week during that month, the residence also was occupied by three young girls, ages nine, eight, and seven. According to statements taken from the girls by Detective Anne Benjamin of the Buncombe County Sheriff's Office, Defendant engaged in several instances of sexual contact with each child, such as placing his hand in or over their pants in order to rub their crotch area. Defendant was convicted in a North Carolina state court for these offenses.

Officer Cunningham of the New Mexico State Police later confronted Defendant with the question of whether he was a pedophile on September 18, 2005. Defendant responded that: "I have been convicted of it." Defendant also answered "no" to follow-up questions

2

by Officer Cunningham concerning whether he was registered in New Mexico as a sex offender and whether he was supposed to be around children.  [Doc. 49.]

The Government asserts that evidence of the 1997 incidents with the three young girls in Asheville, North Carolina is admissible during its case-in-chief pursuant to Fed. R. Evid. 413 and 414.  Rule 413(a) provides that evidence of the defendant's commission of another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant, in a criminal case in which the defendant is accused of an offense of sexual assault.  Rule 413(d) defines the term "sexual assault" to include any crime under federal or state law that involved conduct proscribed by 18 U.S.C. §§ 2241 to 2248, or other contact, without consent, between any part of the defendant's body or an object and genitals or anus of another person.

Rule 414(a) provides a more specific rule for criminal cases in which the defendant is accused of an offense of child molestation.  In such cases, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.  Under Rule 414(d), a "child" is defined as a person below the age of fourteen, and "child molestation" includes any crime under federal or state law that involved conduct proscribed by 18 U.S.C. §§ 2241 to 2248 and was committed in relation to a child, or any contact between any part of the defendant's body or an object and the genitals or anus of a child.

My analysis in this case focuses primarily on Rule 414, because that rule is more specific to the offense of child molestation.  The Tenth Circuit has articulated three

3

prerequisites to the admission of evidence under Rule 414: (1) the defendant must be "charged with an offense of child molestation," (2) the proffered evidence must be "of the defendant's commission of another offense of child molestation," and (3) the proffered evidence must be relevant. United States v. Drewry, 365 F.3d 957, 959 (10th Cir. 2004), judgment vacated on other grounds, 543 S. Ct. 1103 (2005), aff'd on remand, 133 Fed. Appx. 543 (10th Cir. 2006); accord United States v. McHorse, 179 F.3d 889, 897-98 (10th Cir. 1999). Further, the "court must engage in a Rule 403 balancing inquiry in determining whether the evidence is relevant." Drewry, 365 F.3d at 959.

In this case, Defendant is accused of an offense which fits under Rule 414's definition of "child molestation" because it involves conduct proscribed by 18 U.S.C. §§ 2244(a)(1), 2244(c), and 2246(3). See Drewry, 365 F.3d at 959. Further analysis is required, however, to determine whether or to what extent the evidence proffered by the Government "is of the defendant's commission of another offense of child molestation," and whether that evidence is relevant here. Id.

The North Carolina statute under which Defendant was previously convicted is not limited to instances of sexual contact or touching because it also proscribes the "'performance of any immoral, improper, or indecent act in the presence of a child for purpose of arousing or gratifying sexual desire.'" United States v. Pierce, 278 F.3d 282, 287 (4th Cir. 2002) (quoting State v. Hartness, 391 S.E.2d 177, 180 (N.C. 1990)). Insofar as the reach of this statute is potentially broader than Rule 414's definition of "child molestation" or Rule 413's definition of "sexual assault," the fact that Defendant has admitted to one or

4

more prior convictions under this statute is not necessarily admissible in the Government's case-in-chief.

Further, Rules 413 and 414 do not exempt the Government's witnesses from the requirements of the Confrontation Clause set forth in Crawford v. Washington, 541 U.S. 36 (2004), and Davis v. Washington, 126 S. Ct. 2266 (2006).  Therefore, if Defendant asserts his rights under the Confrontation Clause, the Government cannot rely on the documents in Government Exhibit 4 or the testimony of Detective Benjamin to introduce testimonial statements of the three child victims relating to the 1997 incidents in Asheville, North Carolina.

But it would not necessarily violate Rule 414 or the Confrontation Clause if any of these three prior victims testified in Defendant's presence, and subject to cross-examination by his counsel, regarding their personal observations of Defendant engaging in conduct that meets Rule 414's definition of "child molestation."  Such testimony could include the witness's personal observations of Defendant's intentional touching, either directly or through the clothing, of the three prior victims' genitalia, anus, groin, breast, inner thigh or buttocks with the intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.  See 18 U.S.C. § 2246(3) (defining "sexual contact").

While the definition of what is relevant under Rule 414 is not limited to the admissible purposes for introducing evidence under Rule 404(b), those purposes provide an appropriate guidepost for determining the relevance of the Government's proffer concerning the incidents of child molestation occurring in Asheville, North Carolina in 1997.  See Fed.

R. Evid. 404(b). First and foremost, witness testimony regarding these prior incidents is highly probative of whether Defendant's alleged touching of the victim's genitalia or buttocks in the present case resulted from a sexual intent or purpose, as defined in 18 U.S.C. § 2246(c), rather than a mistake or accident or other innocent reason. Defendant's intent is an essential and disputed element of the Government's case. Defendant has not stipulated to any facts concerning this element, and the testimony of other witnesses focuses on whether contact occurred and does not necessarily prove the Defendant's state of mind.

In comparison to the testimony of other witnesses who allegedly observed the crime charged in the *Indictment*, the evidence that Defendant repeatedly molested all three of the victims present in the home where he resided in June 1997 would provide greater support for the inference that he has a very strong and prurient interest in young girls. Such evidence also shows that Defendant tends to use a consistent method of satisfying his sexual interest in young girls, *i.e.*, touching or rubbing their crotch area with his hands.

As in Drewry, 365 F.3d at 960, there were clear similarities between how Defendant molested the prior victims in 1997 and the way he allegedly molested the victim in the present case. Considering these similarities together with the fact that Defendant was incarcerated for a period of years after the 1997 incidents, the evidence concerning these incidents is not so stale as to deprive them of probative value in this case. See id.

As suggested in Defendant's response brief [Doc. 45, at 4], I also consider how clearly the 1997 incidents have been proven. On this point, I find it significant that Defendant has three prior convictions stemming from the 1997 incidents, indicating that he

either admitted in a judicial proceeding that he committed a crime on those occasions or was found to have done so beyond a reasonable doubt. I also take into consideration that in light of Crawford and Davis, the jury will not be permitted to infer that these prior incidents occurred based solely on second or third-hand reports of parents or investigators.

On the other side of the equation, the potential for unfair prejudice, confusion of the issues, or other dangers listed in Rule 403 can be diminished significantly by providing a limiting instruction to the jury in order to explain why the evidence concerning the 1997 incidents is being admitted and for what purposes. In addition, the Court can and will set boundaries on the scope of the witness's testimony on direct examination so that the prosecutor does not lead them into subjects other than describing the prior acts of child molestation (*e.g.*, facts concerning Defendant's criminal prosecution or punishment, or facts about his personal history or past relationships with people other than the three child victims of the 1997 crimes).[1]

With these boundaries in place, I find that the probative value of witness testimony based on personal knowledge describing Defendant's prior acts of child molestation in June 1997 is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or other concerns stated in Rule 403. Therefore, such testimony is conditionally admissible in the Government's case-in-chief under Fed. R. Evid. 414.

---

[1] These boundaries would not necessarily limit Defendant's counsel from eliciting testimony or stipulating to facts concerning Defendant's prior convictions and sentence, if he believes such facts would mitigate the prejudicial effect of the Rule 414 evidence or aid in his defense. This *Memorandum Opinion and Order* only addresses the limits on what evidence the Government can introduce in its case-in-chief.

Once the victims' testimony concerning specific acts of child molestation that occurred in 1997 is admitted, the probative value of some portions of Defendant's conversation with Officer Cunningham become less probative and more cumulative. If the jury already has heard evidence of the 1997 incidents implicating Defendant in prior acts of child molestation, there is little to be gained from hearing additional testimony that he admitted to Officer Cunningham that he is a convicted pedophile and an unregistered sex offender who is not supposed to be around children. Further, such testimony about Defendant's admissions to Officer Cunningham presents a greater danger of unfair prejudice because it unduly focuses on generalizations about *who he is* (*i.e.*, a convicted pedophile and unregistered sex offender) rather than specific facts about *what he has done* (*i.e.*, prior acts of child molestation which bear similarities to the acts charged in this case). I emphasize here that a district court may exercise its discretion to admit evidence under Rule 414(a) only when, among other things, the proffered evidence is "of the defendant's commission of another offense of child molestation." Drewry, 365 F.3d at 959. The fact that Defendant failed to register as a sex offender and violated the rule that he is not supposed to be around children tends to confuse the issues because Defendant is not charged in this case with failing to register as a sex offender or violating a condition of his probation.

For these reasons, I find that if the victims' testimony concerning the 1997 incidents of child molestation is admitted, then the probative value of the aforementioned portions of Defendant's conversation with Officer Cunningham becomes substantially outweighed by the danger of unfair prejudice and confusion of the issues. Under these conditions, the

8

evidence concerning these portions of the conversation between Defendant and Officer Cunningham must be excluded from the Government's case-in-chief at trial under Fed. R. Evid. 403.

My written ruling on this issue remains subject to reconsideration if unforeseen circumstances or a change in context should arise during the trial. For example, this ruling does not decide or address the extent to which the prosecutor may offer evidence of Defendant's prior convictions or statements, or cross-examine him on this subject, if he elects to testify in his own defense at trial or presents evidence of good character or reputation for honesty. I also recognize that because Defendant's *Motion in Limine* [Doc. 49] was filed on the eve of trial and several days after the Court's deadline for filing such motions, the Government has not had a full and fair opportunity to respond to the issues raised therein. Thus, it may be necessary to revisit these issues at a later date.

The Court will take a proffer of the North Carolina victims' testimony, outside the presence of the jury, in order to confirm its relevance. Finally, counsel for the Government must advise both the Court and opposing counsel when he is ready to introduce the Rule 414 evidence to the jury at trial so that Defendant has the opportunity to renew his objection and the Court has the opportunity to provide the jury with a timely limiting instruction. Counsel shall also advise the Court before making any renewed attempt to present the jury with evidence concerning the portions of Defendant's conversation with Officer Cunningham that are recited in Defendant's *Motion in Limine* [Doc. 49.]

**IT IS, THEREFORE, ORDERED** that the proffer contained in the Government's *Notice of Intent to Offer Evidence Pursuant to Federal Rules of Evidence 413 and 414* [Doc. 35] is admissible under Rule 414 subject to the conditions and limitations stated above.

**IT IS FURTHER ORDERED** that Defendant's *Motion in Limine* [Doc. 49] concerning portions of his conversation with Officer Cunningham is **GRANTED** subject to the conditions and limitations stated above.

**SO ORDERED** this 9th day of February, 2007, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE